**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

| | |
|---|---|
| **RUSSELL VANBROCKLEN** | 1:08-CV-254 |
| | (GLS/RFT) |
| **Plaintiff,** | |
| v. | |
| **GOVERNMENT EMPLOYEES INSURANCE COMPANY (GEICO),** | |
| **Defendant.** | |

_____

**APPEARANCES:**                             **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Russell VanBrocklen
*Pro Se*
P.O. Box 600
West Sand Lake, NY 12196

**FOR THE DEFENDANT:**
Thuillez, Ford Law Firm                     KELLY M. MONROE, ESQ.
20 Corporate Woods Boulevard
6th Floor
Albany, NY 12211-1715

**Gary L. Sharpe
U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

*Pro se* plaintiff Russell VanBrocklen ("VanBrocklen") brings this

action alleging that the Government Employees Insurance Company ("GEICO") violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, by cancelling plaintiff's insurance policy when he was unable to undergo compulsory medical exams due to post-traumatic stress related to childhood sexual abuse.  (*See generally Am. Compl.*; Dkt. No. 12.)  Claims are also asserted for intentional and negligent infliction of emotional distress, and for breach of implied covenants of good faith and fair dealing.  *Id.*  Pending is GEICO's motion to dismiss VanBrocklen's amended complaint under FED. R. CIV. P. 12(b)(6). (Dkt. No. 5.)  For the reasons that follow, the motion is granted in part and denied in part.

## II. **Background**

VanBrocklen's amended complaint is, unfortunately, not a model of clarity.  However, the court has interpreted the relevant facts to be as follows.  VanBrocklen suffers from post-traumatic stress disorder stemming from his childhood exposure to sexual abuse by medical professionals. (*See Am. Compl.* at ¶ 1; Dkt. No. 12.)   As a result, he allegedly has severe anxiety attacks and testicular pain when undergoing medical examinations. *Id.*  These attacks are significantly worse when the examination is given by

2

a male member of the medical profession.  *Id.*

In order to maintain or qualify for insurance through GEICO, VanBrocklen was apparently required to undergo a compulsory medical exam.  *Id.* at ¶ 8.  GEICO arranged for VanBrocklen to attend such an exam on June 5, 2007 with a male doctor.  *Id.*  Worried that having a male perform the exam would cause him to have a panic attack, VanBrocklen explained his condition to GEICO and requested that a female perform the exam.  *Id.* at ¶ 9.  GEICO accommodated VanBrocklen's request, but apparently cancelled the exam for reasons that are not entirely clear to the court.  *Id.* at ¶¶ 10-12.  Subsequent exams with female practitioners were scheduled, but were cancelled by either the doctors, GEICO or VanBrocklen.  *Id.* at ¶¶ 13-18, 20-22.

Eventually, on March 4, 2008, VanBrocklen managed to show up for a series of scheduled medical exams with male physicians.  *Id.* at ¶¶ 23-24.  However, before the exams could take place, VanBrocklen suffered a moderate panic attack and began screaming.  *Id.* at ¶¶ 25-27.  911 was appropriately called, and police and EMT's arrived.  *Id.* at ¶¶ 28, 30-31.  VanBrocklen voluntarily left with the EMT's after his panic attack had subsided, and was taken to Albany Medical Center.  *Id.* at ¶ 32.

3

Thereafter, GEICO allegedly informed VanBrocklen it was cancelling his insurance policy because of his anxiety attack, and because a prior medical exam had been cancelled by a physician. *Id.* at ¶ 33. This suit ensued, with VanBrocklen seeking injunctive relief which would essentially require GEICO to reinstate his insurance policy and benefits, and monetary relief.

## III.   Standard of Review

GEICO has moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court has previously addressed the standard for dismissal pursuant to Rule 12(b)(6), and need not repeat that standard here. For a full discussion of the standard, the court refers the parties to its decision in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2 (N.D.N.Y. Sept. 8, 2008).

## IV.   Discussion

### A.   Title III ADA Claims

VanBrocklen's federal claims are asserted under Title III of the ADA which states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advanatges, or accommodations of any place of public

4

accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). GEICO asserts that VanBrocklen's Title III claims must be dismissed on a variety of grounds. However, for the reasons discussed below, the court finds such arguments unconvincing and declines to dismiss VanBrocklen's ADA claims.

Initially, GEICO contends that VanBrocklen's Title III claims fail because he has failed to adequately allege that GEICO is a private entity. This argument must be rejected. While Title III does not apply to public entities, *see Bloom v. Bexar County*, 130 F.3d 722, 726 (5th Cir. 1997), VanBrocklen's amended complaint recites that "GEICO is a private entity subject to the provisions of the ADA." This allegation is clearly sufficient to satisfy the minimal pleading requirements necessary to survive a motion to dismiss, especially as VanBrocklen is *pro se* and GEICO has presented nothing to indicate it is not a private entity. *See Hall v. Ruggeri*, 841 F. Supp. 484, 487 (N.D.N.Y. 1994) (describing lenient pleading standards for *pro se* litigants).

It is next contended that VanBrocklen's Title III claims must fail because he has failed to allege he was refused an insurance policy. In

5

support of this argument GEICO cites to *Pallozzi v. Allstate Life Ins.*, 198 F.3d 28, 36 (2d Cir. 1999), for the proposition that Title III only "prohibit[s] an insurance office from discriminatorily *refusing to offer its policies* to disabled persons."  However GEICO's argument ignores the fact that both the initial and amended complaint state that VanBrocklen was told "GEICO was cancelling [his] policy.... due to the fact that [he] had an anxiety attack [at] the March 4, 2008" exam.  (See Compl. ¶ 33; Dkt. No. 1; Am. Compl. ¶ 33; Dkt. No. 12.)  Thus, at the current juncture, VanBrocklen has adequately alleged that GEICO refused him an insurance policy as a result of his anxiety and post-traumatic stress disorders.[1]

Next, GEICO argues Title III is inapplicable because the complaint gives no indication that "the alleged discrimination occurred at a physical office of the defendant."  It is true that various Circuits have held that only physical structures open to the public are "public accommodations" subject to Title III liability.  *See Ford v. Schering-Plough Corp.*, 145 F.3d 601 (3d Cir. 1998); *Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006 (6th Cir 1997); *but*

---

[1] Additionally, while VanBrocklen's initial complaint was defective insofar as it failed to allege GEICO's actions were "not consistent with state law or [were] used as a 'subterfuge to evade the purposes' of Title I and III of the Act," as required under *Pallozzi*, 198 F.3d at 36, his amended complaint has remedied this defect, at least for purposes of a motion to dismiss. (See Am. Compl. at 29-38; Dkt. No. 12.)

6

*see Carparts Distrib. Ctr., Inc. v. Automotive Wholesaler's Ass'n*, 37 F.3d 12, 20 (1st Cir. 1994). However, this does not mean that the challenged discrimination must have taken place within the walls of such an entity. *Cf. Pallozzi*, 198 F.3d at 32-33 (stating "an entity covered by Title III is not only obligated by the statute to provide disabled persons with physical access, but is also prohibited from refusing to sell them its merchandise by reason of discrimination against their disability"). Rather, a plaintiff need only show that he has a "nexus" or connection to a discriminating place of public accommodation, which includes an insurance office. *Id*. at 32 n.3. Here, it is not apparent from the complaint whether such a "nexus" exists, though it seems likely it does.[2] Nevertheless, given the early stage of this litigation and VanBrocklen's *pro se* status, the court declines to rule on this issue without the benefit of a full record.

Finally, the court addresses GEICO's contention that VanBrocklen's ADA claims must be dismissed because VanBrocklen improperly seeks monetary damages and non-preventative injunctive relief- specifically

---

[2] The case of *Rome v. MTA/New York City Transit*, No. 97-CV-2945, 1997 WL 1048908 (Nov. 18, 1997 E.D.N.Y.), is clearly distinguishable from the present case. In *Rome*, the plaintiff's Title III claim failed because his insurance policy was received through his employer, thus the plaintiff had no nexus to an insurance office. Here, in contrast, it would appear that VanBrocklen received his insurance policy directly from GEICO.

7

reinstatement of his insurance policy and the benefits thereunder.

It is well established that money damages are unavailable under Title III. *See Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004). Thus, VanBrocklen is not entitled to such relief on his ADA claims. However, the court disagrees with GEICO's contention that the injunctive relief sought here is improper. The equitable remedies available under Title III are limited to those provided by Title II of the Civil Rights Act of 1964, which states:

> Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for *preventive relief*, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved.

42 U.S.C. § 2000a-(3) (emphasis added); *see also* 42 U.S.C. 12188(a)(1). Thus, the only relief available to a private litigant under Title III is prospective injunctive relief. In order to establish entitlement to such relief a plaintiff must generally show a likelihood that he or she will be subject to the alleged discrimination again in the near future; the mere exposure to past discrimination will not suffice. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983). This is not always the case, however, as

prospective injunctive relief may also be appropriate where the plaintiff suffers continuing injury from past wrongdoing. See *DeShawn E. ex rel Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) (citing *Marisol A. v. Giuliani*, No. 95 Civ. 10533 (RJW), 1998 WL 274472, at *8 & n. 4 (S.D.N.Y. May 27, 1998)); *see also O'Shea v. Littleton*, 414 US. 488, 495-96 (1974) (stating "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... *if unaccompanied by any continuing, present adverse effects*") (emphasis added); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 118 F. Supp. 2d 494, 500-03 (D.N.J. 2000) (holding student had standing to seek restoration of athletic status within the NCAA due to continuing adverse effects from past discrimination).[3]

    Here, the complaint admittedly fails to give any indication that VanBrocklen will be subjected to future discrimination at the hands of GEICO. However, VanBrocklen clearly continues to suffer harm from GEICO's cancellation of his insurance policy and termination of benefits thereunder. Specifically, the amended complaint indicates that because of the policy cancellation VanBrocklen is no longer receiving disability benefits

---

[3] The court notes that this ruling was subsequently vacated on reconsideration because the court had overlooked facts which established that the plaintiff was actually not suffering continuing adverse effects. *See Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 613-14 (D.N.J. 2001). However, the underlying reasoning of the case still stands.

9

or psychological treatments.[4]  (See Am. Compl. ¶ 72 and pgs. 49-50; Dkt. No. 12.)  These are ongoing adverse effects from the alleged discrimination which would ostensibly be prevented and remedied through the reinstatement of VanBrocklen's policy and the benefits thereunder. Accordingly, the court finds that the injunctive relief sought in the amended complaint is proper under Title III, and VanBroklen has standing to seek it.

GEICO's remaining arguments for dismissal of the VanBrocklen's Title III claims are rejected as premature or without merit.

**B.    State Claims**

VanBrocklen also asserts State claims for intentional and negligent infliction of emotional distress, and for breach of implied covenants of good faith and fair dealing. VanBrocklen has indicated that he is withdrawing his claims for intentional and negligent infliction of emotional distress.  As such these claims will be dismissed.

This leaves VanBrocklen's claim for breach of implied covenants of good faith and fair dealing.  Citing to *Employers Mut. Cas. Co. v. Key*

---

[4]Thus this case is distinguishable from *Fiorica v. Univ. of Rochester, Sch. of Nursing*, 20008 WL 907371, at *3-4 (W.D.N.Y. Mar. 31, 2008), cited by GEICO.  In that case, the plaintiff was barred from amending her Title III complaint to seek reinstatement to a school from which she had been discriminatorily expelled.  While the court provided little discussion of the basis for this ruling, it would appear to be grounded in the lack of ongoing harm from the expulsion or probability of recurrence.

10

*Pharm., Inc.*, 871 F. Supp. 657, 673 (S.D.N.Y. 1994), GEICO contends that this claim must be dismissed because "'bad faith' deals only with an insurance company's conduct in negotiating the settlement of a law suit on behalf of one of its insureds." The court does not agree. The mere fact that the bad faith claim in *Key Pharmaceuticals* arose in the context of an insurance settlement does not mean that this is the only circumstance in which such a claim may arise. Indeed, *Key Pharmaceuticals* recognized that "every contract has an implied covenant of good faith and fair dealing." *Id.* at 672-73. GEICO has pointed to nothing which excepts insurance policies from this rule. As such, the court declines to dismiss VanBrocklen's "bad faith" claim.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that GEICO's motion to dismiss (Dkt. No. 5.) is DENIED, except insofar as dismissal of VanBrocklen's claims for intentional and negligent infliction of emotional distress is sought; and it is further

**ORDERED** that the Clerk provide copies of this Order to the parties.

**IT IS SO ORDERED.**

Albany, New York

11

February 18, 2009

_____
United States District Court Judge