**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**RUSSELL VANBROCKLEN,**

                  **Plaintiff,**            **1:08-cv-254
                                                                        (GLS/RFT)**

        **v.**

**GOVERNMENT EMPLOYEES
INSURANCE COMPANY (GEICO),**

                  **Defendant.**
_____

**APPEARANCES:**                  **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Russell VanBrocklen
Pro Se
P.O. Box 600
West Sand Lake, NY 12196

**FOR THE DEFENDANT:**
Thuillez, Ford Law Firm           DONALD P. FORD, JR., ESQ.
20 Corporate Woods Boulevard
6th Floor
Albany, NY 12211-1715

**Gary L. Sharpe
District Court Judge**

## MEMORANDUM-DECISION AND ORDER

     Pro se plaintiff Russel VanBrocklen commenced this action against

defendant Government Employee Insurance Company (GEICO), alleging

violations of the Americans with Disabilities Act (ADA),[1] intentional and negligent infliction of emotional distress, and breaches of implied covenants of good faith and fair dealing.  (Am. Compl., Dkt. No. 12.)  In a February 18, 2009 Memorandum-Decision and Order, this court dismissed VanBrocklen's claims for intentional and negligent infliction of emotional distress, leaving in tact his ADA and state-law implied covenant claims.  (Dkt. No. 20.)  VanBrocklen now seeks to withdraw his ADA claim and have his remaining state-law claims either "remanded" to the New York State Supreme Court, Rensselaer County, pursuant to 28 U.S.C. § 1441(c), or dismissed without prejudice so that they can be refiled in state court.  (Dkt. Nos. 132, 135.)  GEICO does not object to VanBrocklen's request on either ground.  (Dkt. Nos. 133, 134.)

      VanBrocklen's request as to his ADA claim is granted and that claim is dismissed.  As to his state-law claims, however, the court is without authority to "remand" them as requested since they were not removed to this court from the Supreme Court in Rensselaer County.  *See* 28 U.S.C. §§ 1441(c), 1447.  Nonetheless, the court grants VanBrocklen's alternative request and declines to exercise supplemental jurisdiction over the claim,

---

[1] 42 U.S.C. § 12181, *et seq.*

2

dismissing it without prejudice. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may decline to exercise supplemental jurisdiction where it has dismissed all claims over which it has original jurisdiction). Accordingly, VanBrocklen is free to refile his claim in state court and should do so as soon as possible. In that regard, VanBrocklen should note that "claims for breach of the covenant of good faith and fair dealing ... are ... subject to a six-year statute of limitations," which begins to run from the time of the alleged breach. *Flight Scis., Inc. v. Cathay Pac. Airways Ltd.*, 647 F. Supp. 2d 285, 288 (S.D.N.Y. 2009) (citations omitted); *Resnick* v. *Resnick*, 722 F. Supp. 27, 38 n.6 (S.D.N.Y. 1989) (citation omitted) ("[A] claim for breach of the covenant of good faith and fair dealing is grounded in contract and likewise has a limitations period of six (6) years, pursuant to CPLR § 213(2)."). In this case, it appears from VanBrocklen's complaint that the breaches alleged occurred on various dates in 2007 and 2008. (*See* Am. Compl. ¶¶ 79 (A)-(E), Dkt. No. 12). Therefore, VanBrocklen should be mindful of these dates in deciding when to refile his claims.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that VanBrocklen's amended complaint (Dkt. No. 12) is dismissed; and it is further

3

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 23, 2010
Albany, New York

_____
United States District Court Judge